PER CURIAM.
In accordance with a Joint Motion of all parties in interest seeking an expeditious hearing, we ordered the matter be submitted on briefs on August 31, 1977.
The arguments considered and for reasons assigned by the trial judge which are as follows:
“ * * * The Court will render a declaratory judgment, finding that RS 18:389(B) controlling. It does not conflict with Article 6, Section 6 of the Constitution because it has nothing to do with the structure and organization of the City, nor with the functions or powers or the distribution and redistributions thereof.
“Furthermore, I don’t have to determine whether or not Act 1 was an effort to comply with the mandate of Article XI, Section 1 of the Constitution of 1974 because, as I read that section of the new constitution, it is, on its face, a mandate to the legislature to adopt an election code.
“But, by necessary implication, it seems to me to represent an expression by the people of Louisiana that the legislature shall have preemptive powers to control all elections, so that whatever the legislature says concerning elections to be held throughout the state, that those dictates are preemptive of any other local charters.
“I think that’s the entire purpose of that section, to create uniformity, and even though the legislature may have adopted something less than the full code the first time, it still represents something to be implied [sic] throughout the state.
« * * * >>
we conclude that Act 1 of the Regular Session of 1975, amended by Act 618 of the Regular Session of 1977 (which changes the date of election of municipal and parochial officers from that set out in the Home Rule Charter of the City of New Orleans), is not in conflict with LSA-Const.1974, Art. 6, §§ 4, 5 and 6. The judgment is affirmed.

AFFIRMED.