Dear Ms. Clarkson:
You advised this office that you received a letter of resignation on August 22, 2011 from Arnie Fielkow, resigning as Councilmember-at-large, effective October 1, 2011. You have requested an Opinion to determine by what date the governing authority of the City of New Orleans must issue a proclamation calling a special election to fill the vacancy caused by Mr. Fielkow's resignation and on what date that special election must be scheduled.
When an elected official resigns from an office, as provided for by La.R.S. 18:581(3), a "vacancy" occurs in that elective office. Since Mr. Fielkow announced his resignation on August 22, 2011, and made it effective October 1, 2011, this potentially creates an "anticipated vacancy" governed by La.R.S. 18:583. La.R.S. 18:583(C) states in pertinent part:
 When an elected official has properly tendered a notice of retirement or resignation which specifies a prospective effective date, an anticipated vacancy shall be deemed to have occurred on the date the notice of retirement or resignation becomes irrevocable. (Emphasis added).
La.R.S. 18:583(B)(1) states in pertinent part:
 The declaration provided for herein shall be in writing and shall be signed by the official-elect and duly acknowledged by him before an officer authorized to administer oaths. *Page 2 
La.R.S. 18:583(B)(3) further states that:
 Such declaration shall become irrevocable when received by the secretary of state, at which time an anticipated vacancy shall be deemed to have occurred. (Emphasis added).
With respect to calling a special election to fill a vacancy, La.R.S. 18:583(D)(2) commands:
 A special election to fill an anticipated vacancy shall be called in accordance with the provisions of law applicable to the filling of vacancies in the affected office except the proclamation calling the special election shall be issued after an anticipated vacancy is deemed to have occurred. In determining the dates to be used to call the special election, the provisions of R.S. 18:402 shall apply. (Emphasis added).
According to La.R.S. 18:654(A), the notice of resignation is not effective until it is received by the Secretary of State, at which time the resignation becomes irrevocable and the vacancy is created, as described by the provisions of La.R.S. 18:583 outlined above. It is the understanding of this office that the letter was received by the Secretary of State's Office on August 24, 2011. This is the date which the vacancy is "deemed to have occurred."
The process for filling a vacancy in the office of a city council member is described by La.R.S. 18:602(A), which provides:
 When a vacancy occurs in the office of a member of a . . . municipal governing authority. . ., the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office. However, if the deadline for making the appointment falls on a Saturday, Sunday, or other legal holiday, then the next day which is not a Saturday, Sunday, or legal holiday shall be deemed to be the final day for making such appointment.
In the situation you have presented, where Mr. Fielkow's resignation became irrevocable on August 24, 2011, the deadline for making the appointment will fall on Saturday, September 3, 2011, which is ten (10) days following the date on which the vacancy is "deemed to have occurred." Monday, September 5, 2011 is Labor Day, a legal holiday, so the next date, or deadline to appoint a person to fill the vacancy and which is not a Saturday, Sunday or legal holiday will be Tuesday, September 6, 2011, which is also the first day of qualifying for the October 22, 2011, elections. As required by La.R.S. 18:602(A), the City Council must appoint a qualified individual to fill the vacancy on or before September 6, 2011. *Page 3 
As far as when the dates must be announced for the special election to fill the vacancy, the length of the remaining term of the elected official must be considered. Mr. Fielkow was elected in 2010 for a second four-year term. Since he properly executed his notice of resignation to the Secretary of State on August 22, 2011, and it became irrevocable on August 24, 2011, as mentioned above, then there will be more than one year remaining on his term, and a special election to fill this vacancy must be conducted in accordance with the schedule set forth in La.R.S. 18:402(E) and the provisions set forth in La.R.S. 18:602(E).
La.R.S. 18:602(E)(2)(a) states that the local governing authority shall issue a proclamation ordering a special election to fill the vacancy, within ten days after the vacancy occurs, if the unexpired term exceeds one year. However, if the deadline for making the appointment falls on a Saturday, Sunday, or other legal holiday, then the next day which is not a Saturday, Sunday, or legal holiday shall be deemed to be the final day for issuing such proclamation.
The statute further states the governing authority shall specify in the proclamation, in accordance with R.S. 18:402, the dates on which the primary and general elections shall be held and, in accordance with La.R.S. 18:467, 467.1, and 468, the dates of the qualifying period for candidates in the special election.
The statute also notes that:
 In selecting the dates for such special elections, the governing authority or school board as the case may be, may choose a gubernatorial or congressional election date, if such date is available within a year of the occurrence of the vacancy or may select an election date in accordance with R.S. 18:402.
As described above, La.R.S. 18:602 provides that the City Council must issue a proclamation ordering a special election to fill the vacancy within ten days. Thus, on or before September 6, 2011, the City Council must appoint a qualified individual to fill the vacancy and must issue the proclamation ordering the special election to fill the vacancy. Such proclamation must include the dates in which the primary and general elections will be held, and the dates in which candidates must qualify for the special election.
In order to determine the dates that the special election to fill the vacancy must be held, La.R.S. 18:402(E) must be considered, which states in pertinent part:
 An election to fill a newly created office or vacancy in an existing office, except the office of state legislator or representative in *Page 4 
congress, shall be held on the dates fixed by the appropriate authority in the proclamation ordering a special election as follows: (1) A special primary election shall be held on the first of the following days that is not less than eleven weeks after the date on which the proclamation calling the special primary election was issued:
 (a) The second to last Saturday in October, when the special general election is held on the fourth Saturday after the second to last Saturday in October.
 (b) The first Tuesday after the first Monday in November, when the special general election is held on the first Saturday in December.
 (c) The first Saturday in April, when the special general election is held on the fourth Saturday after the first Saturday in April or on the third Saturday after the first Tuesday in March during the presidential election year; however, commencing in 1986 and every fourth year thereafter, this date shall not be applicable in a parish containing a municipality with a population of three hundred thousand or more.
 (d) The third Saturday in October, when the special general election is held on the fourth Saturday after the third Saturday in October of 1985 and every fourth year thereafter.
 (e) The first Saturday in February of an election year for parish and municipal officers in a parish containing a municipality with a population of three hundred thousand or more.
As described above, the special election must be held on the first option available which falls at least eleven weeks from the date in which the proclamation is issued, which again, must be on or before September 6, 2011. Thus, La.R.S. 18:402 dictates the election to be held on March 24, 2012 for the primary election and April 21, 2012 for the general election, with qualifying set for December 7-9, 2011.
The City of New Orleans is governed by a Home Rule Charter, and Section 3-105(2)(b)(i) of the Charter provides the following for filling vacancies on the Council:
 If the unexpired term is for one year or more, the vacancy shall be filled by special election, to be called by the Council within ten days after its occurrence and to be held in accordance with the election laws of the State, at which time the electors of the City, or should the vacant office be that of a district councilmember, the electors of that district, shall elect a citizen with the requisite qualifications to fill *Page 5 
the vacancy for the remainder of term; provided that if any special or general election is to be held in the City after sixty days and within six months after occurrence of the vacancy, then the election shall be held in conjunction with such other election.
The next primary election is scheduled for October 22, 2011, however, La.R.S. 18:402(E) requires a time period of at least eleven weeks from the time of the proclamation and the special primary election. Thus, the statutory deadline to call the special election to fill the vacancy for the October 22, 2011, election was August 5, 2011. The vacancy was not "deemed to have occurred" in this particular matter until August 24, 2011.
If a special or general election is held in New Orleans, Section 3-105(2)(b)(i) of the Charter appears to require that the special election be held after sixty days and within six months of the occurrence of the vacancy. In other words, the Charter requires the special election to be held on October 22, 2011. However, under La.R.S. 18:402, the next available election date for the special primary election is March 24, 2012. Therefore, the Charter is not consistent with the Louisiana Election Code.
Even though New Orleans is a pre-1974 Home Rule Charter, under La.Const. Art. VI, § 4, such charters are still subject to the other provisions of the Constitution, and thus subject to the legislature's constitutional power to adopt an election code for the conduct of "all elections" under La.Const. Art. XI, § 1. (Emphasis Added) Therefore, the election code, in particular, the amendment to La.R.S. 18:602(G) in 2004 governs the filling of vacancies for local governmental subdivisions that operate under home rule charters.
 The provisions of this Section shall apply to all local governmental subdivisions, including those operating under the provisions of a legislative charter, but shall not apply where the filling of a vacancy otherwise is provided for by the constitution or by the home rule charter or home rule plan of government of the affected local governmental subdivision. Such constitutional home rule plan provisions shall govern the filling of the vacancies, except that the provisions of R.S. 18:402 shall apply to the time and manner of calling the special elections to fill the vacancies. [Emphasis added].
The time and manner of calling the special elections includes the eleven week deadline set forth in La.R.S. 18:402(E)(1). *Page 6 
Article VI, Section 6 of the Louisiana Constitution provides:
 The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.
In the case of City of New Orleans, et al, v. Edwards,349 So.2d 493 (La. App. 4 Cir. 1977), an action for declaratory judgment was filed to determine if an act of the legislature which changed the dates of election of municipal and parochial officers from that set out in the Home Rule Charter of the City of New Orleans was in conflict with La.Const. Art. VI, Section 6. The Court ruled that the statute controlled, finding no conflict between the statute and La.Const. Art. VI, Section 6, relying on the trial court reasoning that the election statute had "nothing to do with the structure and organization of the City, nor with the functions or powers or the distributions and redistributions thereof."Id. at 494. The Court held that legislative dictates concerning elections preempt local charters.
This ruling is consistent with Article XI, Section 1 of the Louisiana Constitution, which states:
 The legislature shall adopt an election code which shall provide for permanent registration of voters and for the conduct of all elections.
The legislature has provided for the conduct of special elections in La.R.S. 18:602(G) where it provided that the constitutional home rule plan provisions govern the filling of the vacancies, exceptthat La.R.S. 18:402 shall apply to the time and manner of callingthe special elections to fill the vacancies.
Additionally, La.R.S. 18:402(E)(3) requires that:
 The secretary of state shall not include the name of any candidate on any ballot for a special election to fill a vacancy in any office to which this Subsection is applicable unless such special election has been called in accordance with the provisions of this Subsection and scheduled on one of the dates provided herein. Any elector who is eligible to vote in any such special election may apply for injunctive relief to prohibit the placing of the name of any candidate in an improperly called election on the ballot. Venue for such application shall be in any parish in which the election is called, and the secretary of state shall be the proper party defendant. *Page 7 
Based on Article XI, Section 1 of the Louisiana Constitution, the holding in City of New Orleans, and La.R.S. 18:602(G), the Louisiana Election Code is controlling and the special election to fill the vacancy has to be called pursuant to the provisions of La.R.S. 18:402. The next available election dates to fill the vacancy are March 24, 2012 for the primary election and April 21, 2012, for the general election. The special election to fill the vacancy created by Mr. Fielkow's resignation should be called in accordance with such dates, and such should be reflected in the proclamation issued by the Council on or before September 6, 2011, setting March 24, 2012, for the primary election and April 21, 2012, for the general election, with qualifying set for December 7-9, 2011.
We trust this answers your questions to your satisfaction. Please do not hesitate to contact this office should you have any further concerns regarding these issues.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: WILLIAM P. BRYAN, III Assistant Attorney General
 JDC/WPB, III/jv